IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19CV45

| | |
|---|---|
| ELIOR, INC., | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| CAG FOOD SERVICES, LLC, | ) |
| Defendant. | ) |

This matter is before the Court upon Defendant's Motion to Dismiss this declaratory judgment action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been fully briefed and is ripe for disposition.

**FACTUAL BACKGROUND**

Elior Inc., f/k/a TrustHouse Services Group, Inc. ("Elior"), is a food services company based in Charlotte that provides food to correctional facilities throughout the US. (Compl. ¶¶ 7, 14). CAG Food Services, LLC ("CAG"), is a food services supplier based in Florida. (*Id.* at ¶¶ 8, 16). Shaver Foods, LLC ("Shaver"), is a food services supplier based in Arkansas. (*Id.* at ¶¶ 18-26). From the beginning of its operation, CAG contracted with Shaver to "receive CAG customer orders on behalf of CAG, fulfill those orders, and directly bill CAG's customer [sic]." (Def.'s Br., Ex. A., at ¶ 11).[1] Shaver would deliver the products, collect money from the clients, and pay CAG a commission for the sale. (*Id.* at ¶ 12).

---

[1] This exhibit is the complaint between the parties in a separate action: *CAG Food Services, LLC v. Elior, Inc.*, No. 1:19-CV-00791-RWS (N.D. Ga. Mar. 25, 2019). As this complaint is a public record, this Court may take judicial notice of the filing and the facts therein without converting this motion to one for summary judgment. Fed. R. Civ. P. 12(d); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (citing *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)).

1

On September 1, 2011, Elior contracted with "CAG and its CAG Shaver Foods Operations" to make CAG and Shaver the "primary supplier of grocery products for Elior's clients." (Compl. ¶ 16). The contract was for one year, with automatic yearly renewals unless a party to the contract terminated it in writing. (*Id.* at ¶ 17). All notices were to be sent to Shaver's headquarters. (*Id.* at ¶ 18). Throughout performance of the contract, Elior "was invoiced by, and paid Shaver directly." (*Id.* at ¶ 20). Shaver would then supply and deliver products to Elior. (*Id.* at ¶ 21).

In May 2018, CAG and Shaver terminated their relationship. (*Id.* at ¶ 27). CAG informed Elior that Shaver "would no longer be fulfilling orders for Elior on behalf of CAG," but that "CAG wished to continue its contractual relationship with Elior." (Def.'s Br., Ex. A., at ¶ 32). Elior thereafter informed CAG that CAG would "no longer receive any correspondence regarding Elior and Shaver." (Compl. ¶ 31). CAG informed Elior that Elior "do[es] not have a contract with Shaver Foods, only CAG Food Services." (Def.'s Br., Ex. A., at ¶ 34). Thereafter, "Elior refused to continue to use CAG as its primary supplier . . . in breach of the [contract]." (*Id.* at ¶ 36).

From December 2018 through January 2019, the parties exchanged several letters discussing the status of their contractual relationship. Elior maintained that it never had a contractual relationship with CAG. CAG threatened litigation over Elior's alleged breach if a resolution could not be found. Eventually, on January 30, CAG informed Elior that they would be proceeding with litigation. However, roughly an hour before, Elior filed the instant action seeking a judgment declaring that it is not obligated to use CAG as its primary supplier. CAG filed its breach of contract claim in federal district court in the Northern District of Georgia on February 14. CAG now moves to dismiss the instant action.

**DISCUSSION**

Courts have discretion to decline to exercise jurisdiction over declaratory judgment actions. *See* 28 U.S.C. § 2201(a) ("[A]ny court . . . *may declare* the rights of other legal relations of any interested party seeking such declaration.") (emphasis added). *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."). The Fourth Circuit has stated that district courts may decline adjudication of declaratory judgment actions when they have "good reason" to do so. *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc*., 386 F.3d 581, 594 (4th Cir. 2004) (quotations omitted). Courts are only "obliged to rule on the merits of a declaratory judgment action when declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Id.* at 594 (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

Declaratory judgment actions are generally inappropriate in disputes involving only past conduct. *See, e.g.*, *Davison v. Plowman*, 247 F. Supp. 3d 767, 782 (E.D. Va. 2017), *aff'd*, 715 F. App'x 298 (4th Cir. 2018) ("Declaratory relief, however, is reserved for forward looking actions.") (quotations omitted); *Gallant v. Deutsche Bank Nat. Tr. Co*., 766 F. Supp. 2d 714, 719 (W.D. Va. 2011) ("[D]eclaratory judgments are . . . unavailable in situations where . . . claims and rights asserted have fully matured, and the alleged wrongs have already been suffered.") (quotations omitted).

CAG asserts that a declaratory judgment action is improper because there is no future relationship between the parties that could yield damages because the breach of contract claims

3

are fully matured. Elior argues that CAG has not entered into any stipulations denying any future damages from the purported breach and makes no affirmative claim that the parties are no longer in a contractual relationship.

In CAG's complaint in the Georgia action, however, it specifically describes the contractual term as ending August 31, 2018. (Def.'s Br., Ex. A, ¶ 45). Additionally, it only requests damages "for [Elior's] breach of the [a]greement for July and August, 2018." (*Id.* at p. 10). To clear up any additional ambiguity, CAG has now "stipulate[d] that the Agreement between it and [Elior] terminated on August 31, 2018." (Def.'s Reply, at p. 2).

Because "courts have repeatedly recognized that [a] declaratory judgment serves no useful purpose when it seeks only to adjudicate an already-existing breach of contract claim," the Court will dismiss this action. *Metra Indus., Inc. v. Rivanna Water & Sewer Auth.*, No. 3:12-CV-00049, 2014 WL 652253, at *2 (W.D. Va. Feb. 19, 2014) (quotations and citations omitted). Accordingly, the Court finds it unnecessary to address Defendant's forum-shopping argument.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED.

Signed: July 25, 2019

Graham C. Mullen
United States District Judge